**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-10806 |
| JOHN ANDREW GOODMAN | § | |
| | § | |
| DEBTOR | § | CHAPTER 7 |

**DEBTOR'S REPLY IN OPPOSITION TO TRUSTEE'S MOTION**
**TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE(ECF#70)**

**TO THE HONORABLE SHAD ROBINSON, U.S. BANKRUPTCY JUDGE:**

John Andrew Goodman, Debtor, respectfully represents:

1. The Trustee has filed a Motion to Compel Turnover of Property of the Estate (Ecf#70)(hereinafter referred to as the "Motion") seeking various records. The Motion is not well taken and should be denied.

2. Debtor filed an emergency petition for relief under Chapter 7 of the Bankruptcy Code on July 10, 2024, without the full set of schedules and statement of financial affairs. The case was filed on an expedited basis due to numerous pending lawsuits including a divorce. The Court granted the Debtor's two motions for enlargement of time in which to file his schedules and statement of financial affairs. Illnesses of the debtor and a family member as well as the complexity of this case and the unavailability of records which needed to be obtained from third parties delayed the progress of this case.

3. Records have now been retrieved and are being reviewed by the debtor and counsel. Additional documents are being requested. Documents have been turned over to the Trustee since they became available, and after review, both through

the Trustee's Axos Document delivery portal and/or by email to the Trustee and/or his counsel since July 12, 2024. As of October 9, 2024, the Portal showed delivery of 56 categories of documents from the debtor to the Trustee. This does not include those documents emailed to the Trustee and counsel by Debtor's counsel. Other documents are still being reviewed for turnover to the Trustee, by debtor's counsel who has not had the opportunity to review and transmit all that he has received from the debtor.

4. The Trustee has recently sued the Debtor and several of his Trusts. An agreed temporary injunction has been entered. The Debtor as Trustee for these Trusts has freely exchanged numerous documents and hearing Exhibits with the Trustee, many of which are made the basis of the Trustee's Motion to Compel. They are working together in order to resolve the adversary proceeding which includes the review of numerous documents provided.

5. This is clearly not a case where, as misstated by the Trustee's counsel, the debtor has failed and refused to cooperate with the Trustee and to produce documents. He has so cooperated. That cooperation has taken time which apparently is not quick enough for the Trustee's counsel who filed the instant motion prematurely.

6. The Debtor admits the allegations contained within the first sentence of paragraph I of the Motion, but denies the remainder of the allegations contained within such paragraph. The debtor has not refused to turn over documents. Such statement by the Trustee is incorrect. The debtor has continued to provide the Trustee with documents, although not at the rate and frequency demanded by the Trustee.

7. The Debtor admits the jurisdictional and venue allegations contained within paragraph II of the Motion and its three subparagraphs.

8. The Debtor admits the allegations contained within subparagraphs 4 through 7 of Paragraph III of the Motion.

9. The Debtor denies the allegations contained within subparagraph 8 of Paragraph III of the Motion. The Trusts are not property of the debtor's estate under 11 U.S.C. §541. The debtor has no duty to advise the Chapter 7 trustee of Trust transactions (that do not involve property of the bankruptcy estate) in either his capacity as Trustee or as a Debtor. The Trusts are not in bankruptcy. Such disclosure is not required under 11 U.S.C. §521. Property of one or more of the Trusts has been sold. One Trust sale for 2.4 million dollars was lost due to the Trustee's refusal to release a lis pendens on trust property in which the Trustee had no interest. The Trustee did not advise the debtor or the trust of the filing of lis pendens which was discovered by the title company when the sale was funded on the date of closing. The sale could not close due to the lis pendens and the sale was lost. Another Trust asset sale is schedules for October 24, 2024. The Court in its Temporary Injunction of October 17, 2024, allows the completion of such sale by one of the Trusts, although the property is not property of the debtor's estate. The debtor did contribute funds to or on behalf of one or more of the trusts within the last four years.

10. The Debtor admits in part and denies in part the allegations contained in the first sentence of subparagraph 9 of Paragraph III of the Motion. The Trustee's counsel made written demand for hundreds of pages of documents, going back in some cases 10 years, to the debtor on September 17 and 19, 2024. Then on September 30, 2024, he filed the Trustee's Motion to Compel to which the Debtor now responds. No specific response time was requested. Filing the Motion within 14 days did not afford the Debtor enough time to respond, even in light of the fact that some of the documents had already produced

to the Trustee. Further the ten year "lookback" period for production is patently unreasonable and is beyond the four year "lookback" period which Trustee's counsel admitted at the adversary status conference held on October 17, 2024, in Austin, Texas, where counsel admitted that he was not interested in seeing documents beyond the four year TUFTA "lookback" period. The debtor therefore objects to any production beyond four years from the date of his Chapter 7 filing as being too remote and beyond the period of limitations for any claims which were made by the Trustee in the pending adversary proceeding. Such request is also burdensome and oppressive and should not be granted by this Court. All of the documents requested were clearly not generally necessary for the Trustee to administer the estate. This is supported by Trustee's counsel's candid admission on the record as set forth above. The Trustee's global requests in many cases do not identify specific documents to be produced by the debtor, leaving him to speculate exactly what document are requested. The debtor objects to such vague and non-specific requests.

11. As set forth above, the debtor has provided hundreds of additional documents to his counsel which need to be reviewed and uploaded. This may take some time as half of the debtor's counsel's is presently short-handed as one-half of his staff is presently on vacation with no interim replacement available. This coupled with the debtor's counsel's spouse's recent and scheduled medical procedures require counsel to be out of the office and attending his wife's treatment and recovery.

12. Counsel attempted to upload numerous documents to the Trustee through his Axos portal on Friday October 18, 2024, but was not successful. See attached rejection notice from Axos. The same result was had when counsel attempted to send

documents directly to the trustee and his counsel. See attached. Apparently the files were to large to send by email. This will be remedied upon his staff's return.

13. Many of the requested documents have, since the filing of this motion been provided to the Trustee's counsel by counsel for the Trusts, including those set forth in the multiple trial exhibits contained in the Exhibit lists filed with the Court in connection with the Trustee's adversary proceeding against the debtor and the Trusts.

14. The debtor denies the allegations contained within subparagraph 10 of paragraph III of the Motion.

15. The debtor admits that the contents of subparagraph 11 of Paragraph IV of the Motion are correct statements of the law.

16. The debtor admits the that the contents of subparagraph 12 of Paragraph IV of the Motion is a correct statement of the law.

17. The debtor denies the allegations contained within subparagraph 13 of Paragraph IV of the Motion. The debtor started producing documents to the Trustee on July 12, 2024 and has continued to do so. The debtor has never declined to comply with his duties to cooperate. The Trustee's counsel may have missed some of the documents already uploaded to the Trustee's Axos Delivery website and made request for documents already in the Trustee's position. The debtor made it clear to the trustee and his counsel and the U.S. Trustee, that many documents needed to be obtained from third parties such as banks and that additional time would be needed. Apparently the trustee and his counsel were not happy with the progress of this document retrieval and mistakenly assumed that the debtor was refusing to cooperate when they had reason to believe otherwise based in part upon the representation of the debtor and his counsel.

18. The debtor denies the allegations contained within subparagraph 14 of Paragraph IV of the Motion. The debtor has not obstructed the Trustee's administration of the Estate. His cooperation is manifest by his production so far and the disclosure of the additional documents provided to his counsel which must still be processed in the absence of one-half of debtor's counsel's staff while the remaining staff member continues to assist in providing support for running counsel's law practice both in State and Federal Court.

19. The entry of an order to compel is not necessary at this time. This is true in light of the facts and circumstances set forth above and those existing in this case.

20. The Trustee has requested hundreds of documents spanning a period of years. The debtor has gathered most of the documents but his counsel will need additional time to produce them in light of the foregoing.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the relief sought by the Trustee be in all things denied and for such other and further relief to which Debtor may be entitled.

DATED: 20 October, 2024.

Respectfully submitted,

LAW OFFICES OF MARTIN SEIDLER
One Elm Place, Suite E-504
11107 Wurzbach Road
San Antonio, Texas 78230
(210) 694-0300
(210) 690-9886 Telecopier
Email: marty@seidlerlaw.com

By: /s/ Martin Seidler
MARTIN SEIDLER, #18000800
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email or First Class Mail to the parties set forth below and on those requesting notice in this case through the Court's electronic noticing system on this 20th day of October, 2024:

Mr. John Patrick Lowe, Trustee
2402 East Main Street
Uvalde, Texas 78801

Mr. John Andrew Goodman
Individually and as trustee
1008 Middle Creek Road
Fredericksburg Texas 78624

Mr. Shane Tobin AUST
Mr. Gary Wright AUST
903 San Jacinto Rm 230
Austin, TX 78701

Ms. Lisa C. Fancher/Prosperity Bank
FRITZ BYRNE, PLLC
402 West Seventh Street
Austin, Texas 78701

Mr. Brian Talbot Cumings
GRAVES DOUGHTERTY HEARON & MOODY, PC
401 Congress Ave., Suite 2700
Austin, Texas 78701

/s/ Martin Seidler
Martin Seidler

From: noreply@axosfs.com
Sent: Fri, Oct 18, 2024 at 2:51 pm
To: Martin Seidler

Images not displayed.   **SHOW IMAGES**  |  **ALWAYS SHOW IMAGES FROM THIS SENDER**

Axos Document Delivery

Axos Document Delivery Upload Failure
The following documents failed upon upload by Martin Seidler for the following cases through Axos Document Delivery:

| Case # | Category | Filename |
|---|---|---|
| 24-10806 | Tax Returns | B&R Joker Adventures LLC (Texas Certificate of Termination), 4855-2166-0542_2.pdf |
| 24-10806 | Tax Returns | B&R Texas return TY 2019.pdf |
| 24-10806 | Select... | BR Certificate of Termination- (Goodman) (September 2023), 4858-4499-3662_2 exec.pdf |
| 24-10806 | Select... | Certificate of Formation (TX; FILED 12.27.2019) - B&R.pdf |
| 24-10806 | Select... | Form SS-4 - B&R LLC, 4833-9937-6560_1.pdf |
| 24-10806 | Select... | Termination Form 651- B&R (2023), 4879-2298-4572_1.pdf |

Axos Fiduciary Services
Lighton Plaza I
7300 College Blvd, Suite 450
Overland Park, KS 66210
https://www.axosfiduciaryservices.com

If you feel you have received this message in error, please forward a copy to our Technical Support Team at: contactaxos@axosfs.com

CORPORATE | SUBSCRIBE | END USER LICENSE AGREEMENT | PRIVACY STATEMENT
© Axos Fiduciary Services. All Rights Reserved.

CONFIDENTIALITY NOTICE: This e-mail message, including all attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, you may NOT use, disclose, copy or disseminate this information. Please contact the sender by reply e-mail immediately and destroy all copies of the original message, including all attachments. Your cooperation is greatly appreciated.

From: postmaster@gdhm.com
Sent: Fri, Oct 18, 2024 at 4:50 pm
To: marty@seidlerlaw.com

### Delivery has failed to these recipients or groups:

bcumings@gdhm.com (bcumings@gdhm.com)
Your message is too large to send. To send it, make the message smaller, for example, by removing attachments.

The maximum message size that's allowed is 36 MB. This message is 70 MB.

### Diagnostic information for administrators:

Generating server: BY3PR08MB7251.namprd08.prod.outlook.com
bcumings@gdhm.com
Remote server returned '550 5.2.3 RESOLVER.RST.RecipSizeLimit; message too large for this recipient'
Original message headers:

ARC-Seal: i=2; a=rsa-sha256; s=arcselector10001; d=microsoft.com; cv=pass;
 b=NdYBDaNKyxPCKKYGymQPxlnKXZm05+2Cu0HAhRcmiYMThkJXqdRF6yfbHE4cuQiqYtXDIpMJ/sGpHJjX9QeHUw0eqoyd1la0WaKB73qc1HhFz9MPBC2beOWnHhlcH4UynWz6O+wbCLoLeBfl5tIh
ARC-Message-Signature: i=2; a=rsa-sha256; c=relaxed/relaxed; d=microsoft.com;
 s=arcselector10001;
 h=From:Date:Subject:Message-ID:Content-Type:MIME-Version:X-MS-Exchange-AntiSpam-MessageData-ChunkCount:X-MS-Exchange-AntiSpam-MessageData-0:X-MS-Excha
 bh=vpyYHPcCNHOBfKspvvAa+tC1lQZtliXPB5GcBbaxoSY=;
 b=xYxCfpkriOyYEp2PESmoptM+FSgBxsa0AykQKBLArgAJPSGUuRgia3nucvTtEYGitO/urZdl59ofTiEYNzRuy2CVSpc8+EFFtJNVmKnsCkYmkoMbS4vhb7YRbjZk6eA7X0jIMs5VqkAhrZkHWu7a
ARC-Authentication-Results: i=2; mx.microsoft.com 1; spf=softfail (sender ip
 is 170.10.128.131) smtp.rcpttodomain=gdhm.com smtp.mailfrom=seidlerlaw.com;
 dmarc=permerror action=none header.from=seidlerlaw.com; dkim=none (message
 not signed); arc=pass (0 oda=0 ltdi=0 93)
Received: from MW4PR04CA0343.namprd04.prod.outlook.com (2603:10b6:303:8a::18)
 by BY3PR08MB7251.namprd08.prod.outlook.com (2603:10b6:a03:363::15) with
 Microsoft SMTP Server (version=TLS1_2,
 cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.20.8069.21; Fri, 18 Oct
 2024 21:49:55 +0000
Received: from CO1PEPF000042A9.namprd03.prod.outlook.com
 (2603:10b6:303:8a:cafe::fe) by MW4PR04CA0343.outlook.office365.com
 (2603:10b6:303:8a::18) with Microsoft SMTP Server (version=TLS1_2,
 cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.20.8069.23 via Frontend
 Transport; Fri, 18 Oct 2024 21:49:55 +0000
Authentication-Results: spf=softfail (sender IP is 170.10.128.131)
 smtp.mailfrom=seidlerlaw.com; dkim=none (message not signed)
 header.d=none;dmarc=permerror action=none header.from=seidlerlaw.com;
Received-SPF: SoftFail (protection.outlook.com: domain of transitioning
 seidlerlaw.com discourages use of 170.10.128.131 as permitted sender)
Received: from us-smtp-inbound-delivery-1.mimecast.com (170.10.128.131) by
 CO1PEPF000042A9.mail.protection.outlook.com (10.167.243.38) with Microsoft
 SMTP Server (version=TLS1_3, cipher=TLS_AES_256_GCM_SHA384) id 15.20.8069.17
 via Frontend Transport; Fri, 18 Oct 2024 21:49:54 +0000
ARC-Message-Signature: i=1; a=rsa-sha256; c=relaxed/relaxed;
 d=dkim.mimecast.com; s=201903; t=1729288193;
 h=from:from:reply-to:subject:subject:date:date:message-id:message-id:
  to:to:cc:cc:mime-version:mime-version:content-type:content-type;
 bh=vpyYHPcCNHOBfKspvvAa+tC1lQZtliXPB5GcBbaxoSY=;
 b=jevzsYrmNiwTro06/QStuPlI4amizofHt2qOTkz5gE8jGMt8+sOBwntRieXT5KQTdwfIR1
 hANSyOCsmVSR9gwNZ9TzZd8S5a8yAGbvIJpitiIgifTkzwECuqqR5KJUf2dncFvrB6Uwsh
 5NWrFQcz5Kdl8ksk5sKhxgBZekXjseqp0rBsC1LWmCSLeh8GjQ+La5kkA8BeQuZdUKHrmF
 0zzpWr6VOqPW+V9UOm3Cl/EBsWWdmkZMDNydw5p22v0p/Wl0LdTCOL84n24p4kfhNS39AM
 X0rFYH4K03F/vF0jU3QfarK2Krpe0KCbWgFbGT+gSNytc787QvE/oQEgpmWuFw==
ARC-Seal: i=1; s=201903; d=dkim.mimecast.com; t=1729288193; a=rsa-sha256;
 cv=none;
 b=SQPp0bTmWofF7MC7MQtuuzV8Na/b4xQuM8ZZZILB6xxM5W4qVpgUl5Zk27K7urkZOSarKI
 5nD91C//lYqQ1ixSaleg/SP2I0O22p3iY211KEebdML7wUlSQkkga+hh+jVD5Sg2akmihG
 CcxLkGwvLzCm5aTOGI6Jxu72XKHLljNiilkc0EIpXQWxim2//xnizpXf58Q0rnsIRbtSzu
 NxyHE17PDwD9X0tB3E8/bysapMP51NhL+zIcSrvLIgxwsLK8a5KD9alic0Jvht04Bpu4g2
 WEjZ0BB9YLmzSBimvFjXryFQq4aTCvme9i/IsCkcru00RedOfD0ujWWm0at9gg==
ARC-Authentication-Results: i=1;
 relay.mimecast.com;
 dkim=none;
 dmarc=none;
 spf=pass (relay.mimecast.com: domain of marty@seidlerlaw.com designates 173.203.187.90 as permitted sender) smtp.mailfrom=marty@seidlerlaw.com
Authentication-Results-Original: relay.mimecast.com;    dkim=none;    dmarc=none;
 spf=pass (relay.mimecast.com: domain of marty@seidlerlaw.com designates
 173.203.187.90 as permitted sender) smtp.mailfrom=marty@seidlerlaw.com
Received: from smtp90.iad3a.emailsrvr.com (smtp90.iad3a.emailsrvr.com
 [173.203.187.90]) by relay.mimecast.com with ESMTP with STARTTLS
 (version=TLSv1.2, cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id
 us-mta-524-qj4o8vzHN0uLRC3-gJTxvg-1; Fri, 18 Oct 2024 17:40:21 -0400
X-MC-Unique: qj4o8vzHN0uLRC3-gJTxvg-1
Received: from app53.wa-webapps.iad3a (relay-webapps.rsapps.net [172.27.255.140])
 by smtp4.relay.iad3a.emailsrvr.com (SMTP Server) with ESMTP id BC6185609;
 Fri, 18 Oct 2024 17:40:05 -0400 (EDT)
Received: from seidlerlaw.com (localhost.localdomain [127.0.0.1])
 by app53.wa-webapps.iad3a (Postfix) with ESMTP id C96F9E04AD;
 Fri, 18 Oct 2024 17:40:03 -0400 (EDT)
Received: by webmail.mymailsrvr.com
 (Authenticated sender: marty@seidlerlaw.com, from: marty@seidlerlaw.com)
 with HTTP; Fri, 18 Oct 2024 16:40:03 -0500 (CDT)
X-Auth-ID: marty@seidlerlaw.com
Date: Fri, 18 Oct 2024 16:40:03 -0500 (CDT)
Subject: Goodman Bros. Partnership tax, loan docs bank statements, etc.
From: marty@seidlerlaw.com
To: "bcumings@gdhm.com" <bcumings@gdhm.com>,
 "Pat Lowe" <pat.lowe.law@gmail.com>
CC: pat.lowe.law@gmail.com
MIME-Version: 1.0

```
Importance: Normal
X-Priority: 3 (Normal)
X-Type: html
X-Client-IP: 97.79.147.161
Message-ID: <1729287603.8199407@webmail.mymailsrvr.com>
X-Mailer: webmail/19.0.25-RC
X-Classification-ID: 5152bb83-40ce-4ecf-a962-2e21ae326ccc-1-1
X-Mimecast-Spam-Score: 0
X-Mimecast-Impersonation-Protect: Policy=New Impersonation Protection Definition;Similar Internal Domain=false;Similar Monitored External Domain=false;
Content-Type: multipart/mixed;boundary="----=_20241018164003000000_35436"
Return-Path: marty@seidlerlaw.com
X-EOPAttributedMessage: 0
X-EOPTenantAttributedMessage: d97a4a9e-7133-4795-9599-886e3177f41e:0
X-MS-PublicTrafficType: Email
X-MS-TrafficTypeDiagnostic: CO1PEPF000042A9:EE_|BY3PR08MB7251:EE_
X-MS-Office365-Filtering-Correlation-Id: 822fc2fc-e09a-4d4c-970f-08dcefbecdc2
```

## Undelivered Mail Returned to Sender

From: Mail Delivery System <MAILER-DAEMON>
Sent: Fri, Oct 18, 2024 at 4:41 pm
To: marty@seidlerlaw.com

This is the mail system at host smtp4.relay.iad3a.emailsrvr.com.

I'm sorry to have to inform you that your message could not
be delivered to one or more recipients. It's attached below.

For further assistance, please send mail to postmaster.

If you do so, please include this problem report. You can
delete your own text from the attached returned message.

                The mail system

<pat.lowe.law@gmail.com>: host gmail-smtp-in.l.google.com[142.251.179.27] said:
    552-5.3.4 Your message exceeded Google's message size limits. To view our
    552-5.3.4 message size guidelines, go to 552 5.3.4
    https://support.google.com/mail/?p=MaxSizeError
    6a1803df08f44-6cde13a2319si26054916d6.452 - gsmtp (in reply to RCPT TO
    command)