# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CASE NO. 24-10806   Chapter 7 | § | DEBTOR: John Andrew Goodman |
| In Re: John Andrew Goodman | § | |
| | § | JUDGE: Shad M. Robinson |
| | § | CTRN STAFF |
| WITNESSES: John Andrew Goodman | § | DATE: July 22, 2025 at 9:30 a.m |
| | § | PARTY'S NAME: John Andrew Goodman |
| Martin Seidler | § | ATTY'S NAME: Martin Seidler |
| | § | ATTY'S PHONE (210) 694-0300 |
| | § | NATURE OF PROCEEDING: Motion for Entry of an Order (ECF #204) and Complaint filed by Chapter 7 Trustee (ECF #74) |
| | § | |

## JOHN ANDREW GOODMAN EXHIBIT AND WITNESS LIST

| NO | DESCRIPTION | MAR | OFF | OBJECTION | ADM | DATE | Disposition |
|---|---|---|---|---|---|---|---|
| D-1 | Debtor's Reply to Security State Bank's Lift Stay Motion (ECF #73) | | | | | | |
| D-2 | Reserved | | | | | | |
| D-3 | Reserved | | | | | | |
| D-4 | Seidler email to Trustee's Lawyer - September 9, 2024 | | | | | | |
| D-5 | Notice of Lis Pendens | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

(NOTE: This Exhibit List is to be prepared in advance of the date of trial by counsel to parties and furnished to the Court in duplicate and served on opposing counsel)

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on this 16TH day of July, 2025 by email on the following:

Mr. John Patrick Lowe, Trustee
2402 East Main Street
Uvalde, Texas 78801
Email: pat.lowe.law@gmail.com

Mr. John Andrew Goodman
Individually and as trustee
1008 Middle Creek Road
Fredericksburg Texas 78624
Email: goodmanj67@aol.com

Mr. Shane Tobin AUST
Mr. Gary Wright AUST
903 San Jacinto Rm 230
Austin, TX 78701
Email: Shane.P.Tobin@usdoj.gov

Adam Schmit
Email: adam_schmit@txwb.uscourts.gov

Juliana Steward
Email: Juliana_Steward@txwb.uscourts.gov

Jennifer Lopez
Email: jennifer_lopez@txwb.uscourts.gov

Mr. Brian Talbot Cumings
GRAVES DOUGHTERTY
HEARON &MOODY, PC
401 Congress Ave., Suite 2700
Austin, Texas 78701
Email: bcumings@gdhm.com

 

*//s// Martin Seidler*
Martin Seidler

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-10806 |
| JOHN ANDREW GOODMAN | § | |
| | § | |
| DEBTOR | | |

### DEBTOR, JOHN ANDREW GOODMAN'S REPLY IN OPPOSITION TO MOTION OF SECURITY STATE BANK & TRUST, MOTION FOR RELIEF FROM STAY(ECF # 58)

**TO THE HONORABLE SHAD R. ROBINSON, U. S. BANKRUPTCY JUDGE:**

JOHN ANDREW GOODMAN, Debtor herein, respectfully represents:

1. Security State Bank & Trust, Movant, has filed a Motion for Relief from Stay, hereinafter called the "Motion" (ecf#58). The motion is not well taken and should be denied.

2. The Movant is an over-secured creditor which is adequately protected by the equity in the subject property. The property at issue was scheduled to be closed at Hill Country Titles, Inc. in Fredericksburg, Texas. The $2,450,000.00 sale was funded and ready to close. The Chapter 7 trustee's counsel filed a lis pendens which prevented the closing and the loss of the sale. A true and correct copy of the closing statement is attached hereto marked as Exhibit "A" and is incoporated by reference herein.

3. The property at issue is owned by the debtor's two childrens' trusts. The indebtedness is guaranteed by the debtor, John Goodman.

4. The Movant bank holds the first two liens on the property. It received $40,000.00 of the contract earnest money which was released prior to closing to be applied to the Movant's debt. This may have resulted in an avoidable transfer.



EXHIBIT A-1

5. There are other liens on the property whose claims would be prejudiced if the relief requested by the bank is granted.

6. Mr. Goodman contends that since the property to be sold was titled in the name of his childrens' two trusts, of which he is not a beneficiary, and for which he serves as a co-trustee together with his estranged wife (they are in the midst of a divorce), the Chapter 7 trustee had no right to claim title to the trusts' land by the filing of his lis pendens.

7. Mr. Goodman claims that the filing of the lis pendens was wrongful and was not released by the Trustee's counsel. This impropriety delayed and prevented the closing. It caused the loss of the sale and resulting damage to the two trusts and to Mr. Goodman as the sale would have reduced his liability for the claims to be released when the sale closed. It also injured the inferior lienholders. The Trustee's wrongful conduct injured the bank as well since the bank was not fully paid as anticipated at closing. The buyer did not agree to extend the closing in accordance with the parties' contract. The sole reason for the failure to close was the trustee's wrongful filing and refusal to withdraw his improper lis pendens. This is confirmed by the attached letter from the buyer's counsel which clearly places the "blame" for the sellers' failure to close on the Trustee's lis pendens filing. A true and correct copy of such letter is attached hereto marked as Exhibit "B" and is incorporated by reference herein.

8. There are several liens on the property in addition to the bank. The property is a desirable hotel site in Fredericksburg, Texas. Its intended use is the construction of a new hotel. It took several years to develop the site for sale. The buyer is a group of investors. When they learned that the property was involved in

2

a bankruptcy some of the investors did not want to extend the contract beyond the parties' agreed closing date.

9. Mr. Goodman as trustee of his childrens' trusts is currently attempting to find another purchaser including some of the original members of the investor buyer group. He believes that another sale can be completed within three to six months' time. Such time period is reasonable under the circumstances and is anticipated to yield over $800,000.00 in excess of the bank's first two liens. Such equity cushion should provide ample adequate protection to the bank.

10. The bank seeks relief from the automatic stay to post and to sell the subject property to the great detriment of the two childrens' trusts, to the debtor, to its creditors, and also to the other lienholders whose equity would be extinguished by a sale by the bank and/or transfer of the bank's two notes to insiders of the bank which has not been disclosed to this Court.

11. The Debtor admits the allegations contained within Paragraphs 1 through 7 of Motion.

12. The Debtor denies the allegations contained within Paragraph 8 of the Motion, except that the debtor admits that the filing of Trustee's lis pendens has prevented the sale which was lost. The debtor denies the remaining allegations. The bank is incorrect regarding loan payments. It fails to disclose to the Court that it did in fact recently receive $40,000.00 from the escrow which it applied to the debtor's guaranteed loan balance. (See attached closing statement).

13. The Debtor denies the allegations contained within Paragraphs 9 and 10 of the Motion.

14. The Estate and the bank should not be prejudiced by the misconduct

3

of the Trustee and his counsel which prevented the bank from being fully paid as a result of the scheduled closing prevented by the Trustee and his counsel.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that the relief sought by Security State Bank & Trust, be in all things denied and for such other and further relief to which Debtor may be entitled.

DATED: 2 October, 2024.

        Respectfully submitted,

        LAW OFFICES OF MARTIN SEIDLER
        One Elm Place, Suite E-504
        11107 Wurzbach Road
        San Antonio, Texas 78230
        (210) 694-0300
        (210) 690-9886 Telecopier
        Email: marty@seidlerlaw.com

By:       /s/   Martin Seidler
    MARTIN SEIDLER, #18000800
    ATTORNEY FOR DEBTOR

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email or First Class Mail to the parties set forth below and on those requesting notice in this case through the Court's electronic noticing system on this 2$^d$ day of October, 2024:

Mr. John Patrick Lowe, Trustee
2402 East Main Street
Uvalde, Texas 78801

Mr. John Andrew Goodman
Individually and as trustee
1008 Middle Creek Road
Fredericksburg Texas 78624

Randy Bennett
421 Compton Avenue
Irving, Texas 75061

Mr. Shane Tobin AUST
Mr. Gary Wright AUST
903 San Jacinto Rm 230
Austin, TX 78701

Mr. Robert L. Barrows/Security Bank & Tr.
LANGLEY & BANACK, INC.
745 E. Mulberry, Suite 700
San Antonio, Texas 78212

Mr. Brian Talbot Cumings
GRAVES DOUGHTERTY HEARON & MOODY, PC
401 Congress Ave., Suite 2700
Austin, Texas 78701

Matthew Mabery
1241 S. State Hwy 16
Fredericksburg, Texas 78624

/s/ *Martin Seidler*
Martin Seidler

A. Settlement Statement U.S. Department of Housing and Urban Development OMB No. 2502-0265

| B. Type of Loan | | | | | |
|---|---|---|---|---|---|
| 1. ☐ FHA 2. ☐ FmHA 3. ☐ Conv Unins 4. ☐ VA 5. ☐ Conv Ins. 6. ☐ Seller Finance 7. ☐ Cash Sale. | | 6. File Number 223-1404 | 7. Loan Number | 8. Mortgage Ins Case Number | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower | E. Name & Address of Seller | F. Name & Address of Lender |
|---|---|---|
| FREDERICKSBURG MAIN STREET, LLC Attn: BJ Patel 7300 Blanco Road, Suite 701 San Antonio, TX 78216 | JOHN ANDREW GOODMAN and CAYENNE SONI GOODMAN, Co-Trustees of the JAILEE ALEXIS GOODMAN TRUST and THE JUSTIN ANDREW GOODMAN TRUST DBA SONI PROPERTIES John Goodman 1008 Middle Creek Road Fredericksburg, TX 78624 | |

| G. Property Location | H. Settlement Agent Name |
|---|---|
| Townlot 342 and Block 63, unnumbered Townlot (2.52 acre parts), Fredericksburg, Gillespie County, Texas E. San Antonio Street Fredericksburg, TX 78624 | Hill Country Titles, Inc. P. O. Box 836 / 114 East Austin Street Fredericksburg, TX 78624   Tax ID: 74-1667103 Underwritten By: WFG |

| Place of Settlement | I. Settlement Date |
|---|---|
| HILL COUNTRY TITLES, INC. 114 East Austin Street Fredericksburg, TX 78624 | 9/5/2024 Fund: |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due from Borrower | | 400. Gross Amount Due to Seller | |
| 101. Contract Sales Price | $2,450,000.00 | 401. Contract Sales Price | $2,450,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to borrower | $8,357.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. Annual Assessment | | 406. Annual Assessment | |
| 107. City property taxes | | 407. City property taxes | |
| 108. County Property Taxes | | 408. County Property Taxes | |
| 109. Mud Taxes | | 409. Mud Taxes | |
| 110. Other Taxes | | 410. Other Taxes | |
| 111. School Property Taxes | | 411. School Property Taxes | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| 120. Gross Amount Due From Borrower | $2,458,357.00 | 420. Gross Amount Due to Seller | $2,450,000.00 |
| 200. Amounts Paid By Or in Behalf Of Borrower | | 500. Reductions in Amount Due to Seller | |
| 201. Deposit or earnest money | $135,000.00 | 501. Excess Deposit | |
| 202. Principal amount of new loan(s) | | 502. Settlement Charges to Seller (line 1400) | $40,813.50 |
| 203. Existing loan(s) taken subject to | | 503. Existing Loan(s) Taken Subject to | |
| 204. Commitment fee | | 504. Payoff   to SECURITY STATE BANK & TRUST | $519,250.00 |
| 205. | | 505. Payoff   to SECURITY STATE BANK & TRUST | $1,071,121.77 |
| 206. | | 506. Payoff | $495,549.44 |
| 207. | | 507. EM released to Seller | $40,000.00 |
| 208. | | 508. Payoff | $285,000.00 |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. Annual Assessment | | 510. Annual Assessment | |
| 211. City property taxes | | 511. City property taxes | |
| 212. County Property Taxes   01/01/24 thru 09/05/24 | $7,232.01 | 512. County Property Taxes   01/01/24 thru 09/05/24 | $7,232.01 |
| 213. Mud Taxes | | 513. Mud Taxes | |
| 214. Other Taxes | | 514. Other Taxes | |
| 215. School Property Taxes | | 515. School Property Taxes | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | $142,232.01 | 520. Total Reduction Amount Due Seller | $2,458,966.72 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross Amount due from borrower (line 120) | $2,458,357.00 | 601. Gross Amount due to seller (line 420) | $2,450,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | $142,232.01 | 602. Less reductions in amt. due seller (line 520) | $2,458,966.72 |
| 303. Cash From Borrower | $2,316,124.99 | 603. Cash From Seller | $8,966.72 |



EXHIBIT "A"

24-10806-smr Doc#73 Filed 10/02/24 Entered 10/02/24 17:00:43 Main Document Pg 7 of

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; • Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

The information requested does not lend itself to confidentiality.

| Previous Editions are Obsolete | | Page 1 | | | | form HUD-1 (3/86) Handbook 4305.2 |
|---|---|---|---|---|---|---|

## L. Settlement Charges

| | | | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price | | $2,450,000.00 | @ % = | $0.00 | | |
| Division of Commission (line 700) as follows: | | | | | | |
| 701. | to | | | | | |
| 702. | to | | | | | |
| 703. Commission Paid at Settlement | | | | | $0.00 | $0.00 |
| 800. Items Payable in Connection with Loan | | | | | | |
| 801. Loan Origination Fee | % | to | | | | |
| 802. Loan Discount | % | to | | | | |
| 803. Appraisal Fee | | to | | | | |
| 804. Credit Report | | to | | | | |
| 805. Lender's Inspection Fee | | to | | | | |
| 806. Mortgage Insurance Application | | to | | | | |
| 807. Assumption Fee | | to | | | | |
| 808. | | to | | | | |
| 809. | | to | | | | |
| 810. | | to | | | | |
| 900. Items Required by Lender To Be Paid in Advance | | | | | | |
| 901. Interest from 9/5/2024 to 10/1/2024 @ $0/day | | | | | | |
| 902. Mortgage Insurance Premium for months | to | | | | | |
| 903. Hazard Insurance Premium for years | to | | | | | |
| 1000. Reserves Deposited With Lender | | | | | | |
| 1001. Hazard insurance | | months @ | | per month | | |
| 1002. Mortgage insurance | | months @ | | per month | | |
| 1003. Annual Assessment | | months @ | | per month | | |
| 1004. City Property Taxes | | months @ | | per month | | |
| 1005. County Property Taxes | | months @ | $885.85 | per month | | |
| 1006. MUD Taxes | | months @ | | per month | | |
| 1007. Other Taxes | | months @ | | per month | | |
| 1008. School Property Taxes | | months @ | | per month | | |
| 1011. Aggregate Adjustment | | | | | | |
| 1100. Title Charges | | | | | | |
| 1101. Settlement or closing fee | | to | | | | |
| 1102. Abstract or title search | | to | | | | |
| 1103. Title examination | | to | | | | |
| 1104. Title insurance binder | | to | | | | |
| 1105. Document preparation | | to | | | | |
| 1106. Attorney's fees | | to LAW OFFICES OF PAZOUKI, PLLC | | | $7,500.00 | |
| 1107. Attorney's fees | | to KENDRA PESEK | | | | $600.00 |
| (includes above items numbers: | | | | ) | | |
| 1108. Title insurance | | to HILL COUNTRY TITLES, INC. | | | | $11,854.00 |
| (includes above items numbers: | | | | ) | | |
| 1109. Lender's coverage | | $0.00/$0.00 . | | | | |
| 1110. Owner's coverage | | $2,450,000.00/$11,854.00 | | | | |
| 1111. Escrow fee | | to HILL COUNTRY TITLES, INC. | | | $800.00 | |
| 1112. State of Texas Policy Guaranty Fee | | to HILL COUNTRY TITLES, INC.-Guaranty Fee-FirstCapital Bank of Texas | | | $0.00 | $2.00 |
| 1113. Tax Certificates | | to HILL COUNTRY TITLES, INC. | | | | $20.00 |
| 1200. Government Recording and Transfer Charges | | | | | | |
| 1201. Recording Fees | Deed $41.00 ; Mortgage ; Rel | to GILLESPIE COUNTY | | | $41.00 | |
| 1202. City/county tax/stamps | Deed ; Mortgage | to | | | | |
| 1203. State tax/stamps | Deed ; Mortgage | to | | | | |
| 1204. Release of Lien | | to GILLESPIE COUNTY | | | | $37.00 |
| 1205. Release of Lien | | to GILLESPIE COUNTY | | | | $37.00 |
| 1206. Release of Lien | | to GILLESPIE COUNTY | | | | $41.00 |
| 1300. Additional Settlement Charges | | | | | | |
| 1301. Survey | | to | | | | |
| 1302. Pest Inspection | | to | | | | |
| 1303. Secretary of State | | to HILL COUNTRY TITLES, INC. | | | $16.00 | |
| 1304. Invoice 21030-14 | | to VEI - CONSULTING ENGINEERS | | | | $8,295.00 |
| 1305. Invoice 21030-6 | | to VEI - CONSULTING ENGINEERS | | | | $3,971.25 |
| 1306. Invoice 21030-17 | | to VEI - CONSULTING ENGINEERS | | | | $1,395.00 |
| 1307. Invoice 21030-15 | | to VEI - CONSULTING ENGINEERS | | | | $14,561.25 |
| 1308. | | to | | | | |
| 1309. | | to | | | | |
| 1310. | | to | | | | |
| 1311. | | to | | | | |

| | | | | |
|---|---|---|---|---|
| 1312. | | to | | |
| 1313. | | to | | |
| 1314. | | to | | |
| 1315. | | to | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | $8,357.00 | $40,813.50 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a completed copy of pages 1, 2 and 3 of this HUD-1 Settlement Statement.

FREDERICKSBURG MAIN STREET, LLC
a Texas limited liability company

JOHN ANDREW GOODMAN, CO-TRUSTEE OF THE JAILEE ALEXIS GOODMAN TRUST AND THE JUSTIN ANDREW GOODMNA TRUST DBA SONI PROPERTIES

By:_____
ATULKUMAR R. PATEL, Vice President

SETTLEMENT AGENT CERTIFICATION
The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.

CAYENNE SONI GOODMAN, CO-TRUSTEE OF THE JAILEE ALEXIS GOODMAN TRUST AND THE JUSTIN ANDREW GOODMAN TRUST DBA SONI PROPERTIES

_____  _____
Settlement Agent                 Date

Warning: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

Previous Editions are Obsolete      Page 2      form HUD-1 (3/86)
                                                Handbook 4305.2



# PAZOUKI, PLLC
### Attorneys at Law

1141 N. Loop 1604 E, Suite 105-608  
San Antonio, Texas 78232

Tel.: (210) 375-1300  
Fax: (210) 375-1313

September 18, 2024

**Via Email:** goodmanj67@aol.com

Mr. John Andrew Goodman  
Ms. Cayenne Soni Goodman  
The Jailee Alexis Goodman Trust  
The Justin Andrew Goodman Trust  
1008 Middle Creek Road  
Fredericksburg, Texas 78624

RE: File No. 223-1404; Transaction by and between JOHN ANDREW GOODMAN and CAYENNE SONI GOODMAN, CO-TRUSTEES OF THE JAILEE ALEXIS GOODMAN TRUST AND THE JUSTIN ANDREW GOODMAN TRUST and FREDERICKSBURG MAIN STREET, LLC, as successor in interest to SAT BROADWAY, LLC, a Texas limited liability company, for the sale and purchase of approximately 2.52 acres of land in Gillespie County, Texas (the "Property")

Dear Mr. and Ms. Goodman:

As you are aware, this office represents Fredericksburg Main Street, LLC (the "Buyer") in connection with the transaction for the purchase of the above referenced Property pursuant to the Real Estate Purchase and Sale Agreement dated November 16, 2023 (the "Contract").

As noted in previous correspondence dated September 10, 2024, the Contract has been terminated by the Buyer as a result of Seller's default of its obligations therein. As you are further aware, the closing of the subject transaction was scheduled on September 9, 2024 with time being of the essence under the Contract. It is undisputed that the Buyer timely performed all of its obligations under the Contract, deposited all funds and documents with the title company, and was ready, able, and willing to close the transaction on the closing date. It is also undisputed that the transaction failed to close on the scheduled date of closing as a result of Seller's default in performing its obligations and/or its representations and warranties under the Contract. More specifically, the Seller was unable to convey good and indefeasible fee simple title to the Property or a title policy to the Buyer at closing due to a cloud on the title to the Property resulting from the Notice of Lis Pendens recorded on August 28, 2024 on behalf of a Bankruptcy Court Chapter 7 Trustee as Document No. 20244485 of the Official Public Records of Gillespie County, Texas, and which was discovered by the Title Company on September 5, 2024 as part of the title company's routine update of the title work. I have attached a copy of the Notice of Lis Pendens for reference.



EXHIBIT "B"

September 18, 2024
Mr. John Andrew Goodman
Ms. Cayenne Soni Goodman
The Jailee Alexis Goodman Trust
The Justin Andrew Goodman Trust
Page 2

    Buyer hereby reiterates the termination of the Contract without the waiver of its rights or remedies at law or under the Contract, all of which are reserved by Buyer, and demands the immediate return of all funds on deposit on behalf of the Buyer with the title company.

    Thank you for your attention to the above. Please do not hesitate to contact me with any questions.

    Very truly yours,

    Robert Pazouki

cc: Katherine Moritz (Via Email)
    Atul Patel (Via Email)

**FW: Re: Settlement/ Closing Documents 618/620 E San Antonio**
From: marty@seidlerlaw.com
Sent: Mon, Sep 9, 2024 at 10:29 am
To: Brian Cumings, Pat Lowe

5901.pdf (943.3 KB)

Gentlemen:

See attached Deed. Please call the title company and issue the release today and send the title company a copy of the release.

Marty

-----Original Message-----
From: "John Goodman" <goodmanj67@aol.com>
Sent: Sunday, September 8, 2024 2:47pm
To: marty@seidlerlaw.com
Subject: Re: Settlement/ Closing Documents 618/620 E San Antonio

Marty one thing to mention to Brian and the trustee is that there is no cash coming to the trust. And this note is past due almost 60 days. The banks going to foreclose on this and the trust if this transaction does not . The trust will not get anything. This thing is gonna end up in times of legal disputes and complications. The buyer will also walk. This is gonna be a big ugly legal mess.
It does mention the trust. It shows me as the trustee executing the document.

John Goodman

On Sep 6, 2024, at 6:04 PM, marty@seidlerlaw.com wrote:

-----Original Message-----
From: "Brian T. Cumings" <BCumings@gdhm.com>
Sent: Friday, September 6, 2024 4:31pm
To: "marty@seidlerlaw.com" <marty@seidlerlaw.com>, "Pat Lowe" <pat.lowe.law@gmail.com>



Subject: RE: Fwd: Settlement/ Closing Documents 618/620 E San Antonio

20244485 Page 1 of 3

**ELECTRONICALLY RECORDED**
**OFFICIAL PUBLIC RECORDS**



*Lindsey Brown*

Lindsey Brown, County Clerk
Gillespie County, Texas
08/28/2024 1:40 PM

FEE: $ 33.00        JCOSTON        20244485

## NOTICE OF LIS PENDENS

NOTICE IS HEREBY GIVEN THAT John Patrick Lowe, chapter 7 trustee for the bankruptcy estate of John Andrew Goodman, Case No. 24-10806-smr, United States Bankruptcy Court for the Western District of Texas, Austin Division, has an interest in the property described below:

Legal Description:

BEING A 2.52 ACRE TRACT LOCATED IN THE M CABAZOS SURVEY NO. 127, ABSTRACT NO. 117, GILLESPIE COUNTY, TEXAS, AND BEING A PORTION OF TOWNLOT NO. 342, BLOCK 63, SHOWN ON THE MAP OF FREDERICKSBURG, TEXAS, ENVIRONS OF THE GERMAN EMIGRATION COMPANY, AND DESIGNATED AS TRACT 1, AND ALL OF A CALLED 2.17 ACRE TRACT, AN UNNUMBERED LOT SOUTHEAST OF LOTS 342 AND 205, BLOCK 63, SHOWN ON THE MAP OF FREDERICKSBURG, TEXAS, ENVIRONS OF THE GERMAN EMIGRATION COMPANY, AND DESIGNATED AS TRACT 2, RECORDED IN DOCUMENT NO. 20164999, OFFICIAL PUBLIC RECORDS OF GILLESPIE COUNTY, TEXAS. SAID 2.52 ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING at a Mag nail found in the southeast right-of-way of U.S. Highway No. 290, at the north corner of the called 2.17-acre tract designated as Tract 2, said point being the east corner of a called 0.921 of one-acre tract, recorded in Volume 72, Page 504 of the Deed Records of Gillespie County, Texas;

(1) Thence, S 51° 41' 05" E, with the northwest boundary line of the called 2.17-acre tract, at a distance of 118.91' pass a ½" iron rod with "Bonn" cap found for a point on line, a total distance of 188.82' (S 50° 56' 15" E, 188.95') to an unmarked point in the centerline of Barons Creek;

(2) Thence, with the centerline of Barons Creek, the following four (4) courses and distances:

   a. S 04° 48' 52" W, 72.80' (S 05° 31' W, 72.57') to an unmarked point for angle;

   b. S 26° 26' 07" W, 157.74' (S 27° 10' 15" W, 157.74') to an unmarked point for angle;

   c. S 49° 43' 07" W, 113.85' (S 50° 27' 15" W, 113.85') to an unmarked point for angle;

   d. S 68° 51' 47" W, 85.79' (S 69° 35' 55" W, 85.95') to an unmarked point for corner in the northeast right-of-way line of E. San Antonio Street;

(3) Thence, N 51° 43' 09" W, with the northeast right-of-way line of E. San Antonio Street, the southwest boundary line of the called 2.17-acre tract, at a distance of 49.79' pass a ½" iron rod with "Bonn" cap found for a point on line, a total distance of 195.72' (N 50° 56' 15" W, 195.63') to an angled rod found for angle at the west corner of the called 2.17-acre tract, the south corner of Lot 342, Block 63;

(4) Thence, N 51° 43' 15" W, with the northeast right-of-way line of E. San Antonio Street, the southwest boundary line of Lot 342, Block 63, a distance of 75.06' (75') to a ½" iron rod with "MDS" cap set for corner;

(5) Thence, N 38° 21' 39" E, departing the northeast right-of-way line of E. San Antonio Street, the southwest boundary line of Lot 342, Block 63, severing Lot 342, Block 63, a distance of 200.23' (200') to a ½" iron rod with "MDS" cap set for corner in the northeast boundary line of Lot 342, Block 63, the southwest boundary line of the called 0.921 of one-acre tract;



EXHIBIT A-5

4623114.v1

(8) Thence, S 51° 54' 02" E, with the northeast boundary line of Lot 342, Block 63, the southwest boundary line of the called 0.921 of one-acre tract, a distance of 75.00' (75') to a ½" iron rod with "MDS" cap set for interior corner at the east corner of Lot 342, Block 63, the south corner of the called 0.921 of one-acre tract, said point being in the northwest boundary line of the called 2.17-acre tract;

(9) Thence, N 38° 21' 38" E, with the southeast boundary line of the called 0.921 of one-acre tract, the northwest boundary line of the called 2.17-acre tract, a distance of 200.22' (N 39° 05' 45" E) to the PLACE OF BEGINNING and containing 2.52 acres of land, more or less.

Commonly known as: 620 E. San Antonio Street, Fredericksburg, Texas 78624.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

By: /s/ B. Cumings

Brian T. Cumings
SBN 24082882
Fed ID No. 2069558
**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

2

| | |
|---|---|
| THE STATE OF TEXAS | § § § |
| COUNTY OF TRAVIS | § |

This instrument was acknowledged before me on the 28th day of August 2024, by Brian T. Cumings.



NOTARY PUBLIC, State of Texas

After Recording, Return To:

Brian Cumings
Graves Dougherty Hearon & Moody PC
401 Congress Ave., Suite 2700
Austin, TX 78701

3